IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**NORRIS L. MCCASKILL, and**
**NANCY MCCASKILL**

        **Plaintiffs,**

vs.                                                                    CIVIL ACTION NO. _____

**LIFE INVESTORS INSURANCE**
**COMPANY OF AMERICA,**
**f/k/a EQUITY NATIONAL LIFE**
**INSURANCE COMPANY,**

        **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Life Investors Insurance Company of America ("Life Investors") files this Notice of Removal of this case from the Chancery Court of Chester County, Tennessee, in which court this case is pending, to the United States District Court for the Western District of Tennessee, Eastern Division, being the district and division embracing the place where the case is pending.

### Timeliness of Removal

1.  Plaintiff commenced this action in the Chancery Court of Chester County, Tennessee, on or about April 23, 2007. The summons and complaint were received by the Tennessee Department of Commerce and Insurance on April 26, 2007, and were mailed to Life Investors on May 1, 2007. This removal has been effected within 30 days of service of the complaint on Life Investors and is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

### Allegations and Claims in the Complaint

2. This action, entitled *Norris L. McCaskill and Nancy McCaskill v. Life Investors Insurance Company of America, f/k/a Equity National Life Insurance Company* arises out of Life Investors' alleged failure to pay benefits supposedly due under a cancer insurance policy issued by Life Investors to Mr. McCaskill.

3. The Complaint alleges that the Plaintiffs are insured under an insurance policy (No. 00E925559) (the "Policy") purchased from Life Investors, then known as Equity National Life Insurance Company, which insures Mr. McCaskill and his family "for hospitalization and medical expenses related to the treatment of cancer." Complaint ¶ 4. The Plaintiffs assert that Mrs. McCaskill was first diagnosed with cancer in or around December 1996, and that Life Investors initially "accepted the amounts submitted by Mr. McCaskill, which were the 'actual charges' of the medical providers, and paid them pursuant to the terms of the Policy." *Id.* ¶¶ 10, 11.

4. The Complaint further alleges that, after having gone into remission, Mrs. McCaskill's cancer reappeared in 2006. *Id.* ¶¶ 12, 16. According to the Plaintiffs, Life Investors has "refused to honor its commitment to pay the 'actual charges,' even though it had done so before, claiming that [Life Investors] was only responsible for the discounted amount paid by the McCaskills' health insurance provider…." *Id.* ¶ 19. The Complaint further alleges that Life Investors has "refused to pay all monies owed under the Policy" despite the fact that Mr. McCaskill has "fulfilled all duties imposed upon him by Life Investors and the Policy…." *Id.* ¶¶ 21, 22.

5. The Plaintiffs contend that Life Investors has materially breached the Policy, and that Mr. McCaskill has "sustained substantial compensable losses for the amounts claimed under the Policy, as well as money damages for other numerous and assorted incidental and consequential damages." *Id*. ¶¶ 26, 27. The Plaintiffs allege that Life Investors' "refusal to pay the money and benefits due and owing Mr. McCaskill under the Policy has caused Mr. McCaskill to seek legal counsel and to initiate this Complaint to recover the insurance proceeds to which he and his family are entitled." *Id*. ¶ 23. Finally, in an obvious attempt to avoid removal, the Plaintiffs request the court to award compensatory damages not to exceed $74,900.00, but then also request such other further and general relief that the court deems just and equitable. *Id*. ¶ 27.

## Plaintiffs' Demand Letter

6. On February 14, 2007, the Plaintiffs' counsel sent a formal demand letter to Life Investors demanding immediate payment in full of Plaintiffs' claims. Letter from J. Brandon McWherter, Esq. to Connie H. Whitlock (Feb. 14, 2007) (the "Feb. 14 letter"). A copy of the Feb. 14 letter is attached hereto as Exhibit 2 to the Declaration of James A. Byrne (hereinafter "Byrne Decl."). A copy of the Byrne Decl. is attached hereto as Exhibit A. In the letter, Plaintiffs' counsel advised Life Investors that the Plaintiffs have retained counsel for this case and that they intend to seek damages for bad faith and for violations of the Tennessee Consumer Protection Act:

> **This letter will also serve for the purpose of making a formal demand for payment as authorized pursuant to T.C.A. § 56-7-105. In that regard, Mr. McCaskill and his family hereby give formal demand that the cancer policy in effect between Mr. McCaskill and your company be paid and/or otherwise honored. This demand is being made so that Life Investors Insurance Company has an opportunity to investigate the claim; to give notice of our intent to assert a bad faith claim if Mr. McCaskill's claim is not paid in full; and to**

>**memorialize the fact that after sixty (60) days have expired from receipt of this notice that a lawsuit will be filed to enforce the insurance contract at issue, plus damages for bad faith and violations of the Tennessee Consumer Protection Act.  As such, please respond accordingly.**

Byrne Decl. Exh. 2 (emphasis in original).

### Diversity Jurisdiction

7. This Court has original jurisdiction over the claims asserted by the Plaintiffs under 28 U.S.C. § 1332(a)(1) because the Plaintiffs' claims present a controversy between parties of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, this case is removable under 28 U.S.C. § 1441(a).

8. Complete diversity of citizenship exists between the Plaintiffs and the Defendant.  At the time the Complaint was filed, at the time of removal and at all intervening times, the Plaintiffs Norris and Nancy McCaskill were (and are) residents and citizens of the State of Tennessee.  Complaint ¶ 1.  At the time the Complaint was filed, at the time of removal and at all intervening times, Life Investors was (and is) a corporation organized under the laws of the State of Iowa with its principal place of business in the State of Iowa.  Byrne Decl. ¶ 9.  Life Investors is therefore a "citizen" of Iowa.  28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the State where it is incorporated and of the State where it has its principal place of business).

### Discussion

9. In *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), the Sixth Circuit Court of Appeals explains that, under Tennessee law, a stipulation in a complaint that plaintiff's damages do not exceed the $75,000 amount in controversy requirement for federal diversity jurisdiction does not preclude removal.  *Id.* at 870.  The court explains that where a state counterpart to Fed. R. Civ. P. 54(c), such as Tenn. R. Civ. P. 54.03, enables the plaintiff to recover damages exceeding the amount prayed for in the complaint, the action may be removed

if the defendant shows that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id*. at 871.  Moreover, where a plaintiff seeks "open ended relief" this Court has found, in light of Tenn. R. Civ. P. 54.03, that the amount in controversy requirement is "more likely than not" satisfied.  *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 934 (W.D. Tenn. 2004) (finding defendant "more likely than not" established amount in controversy requirement where plaintiff sought all incidental, consequential, compensatory, and punitive damages); *see also Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067 *4 (W.D. Tenn. 2001) (finding removal proper where plaintiffs requested open-ended relief, even though plaintiffs stipulated that claims would not exceed jurisdictional limit).

10.     Plaintiffs allege that Life Investors has "refused to pay all monies owed under the Policy."  Complaint ¶ 21.  To date, the total amount of claims submitted for medical services rendered after May 1, 2006, for which a benefit is provided under the Policy, is $47,285.00 (the "Amounts Submitted").  *See* Declaration of James A. Byrne ¶ 7 & Exh. 1 thereto ("Byrne Decl.").  During this same period Life Investors paid to the Plaintiffs total benefits of $6,014.37 (the "Benefits Paid").  Byrne Decl. ¶ 7.

11.     The difference between the total Amounts Submitted and the total Benefits Paid is $41,270.63.  Byrne Decl. ¶ 7.

12.     In addition, in the Feb. 14 letter, the Plaintiffs' counsel makes a formal demand to Life Investors for payment pursuant to Tenn. Code Ann. § 56-7-105.  The Plaintiffs advise Life Investors of their intention to seek "damages for bad faith and violations of the Tennessee Consumer Protection Act."  This court should include this demand as evidence relevant to its evaluation of the amount in controversy.  *See Rogers*, 230 F.3d at 871; 873 ("it was 'more likely

than not' that her damages would exceed $75,000 ***given her previous demands and representations***") (emphasis added).

13. Under Tenn. Code Ann. § 56-7-105(a), where an insurer's bad faith conduct has led to additional injury, including attorney's fees, a statutory penalty may be awarded not to exceed twenty-five percent (25%) of the liability of the loss. Thus, the statutory penalty under § 56-7-105(a) is potentially $10,317.66 [$41,270.63 x 0.25 = $10,317.66], which increases the amount in controversy to $51,588.29.

14. Moreover, Section 47-18-109 of the Tennessee Consumer Protection Act provides that "if the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper." Tenn. Code Ann. § 47-18-109(a)(3). The potential trebling unquestionably places in controversy an amount well in excess of the federal jurisdictional threshold. [3 x $41,270.63 = $123,811.89]

15. Furthermore, upon a finding by the court that a provision of the Tennessee Consumer Protection Act has been violated, the court may award reasonable attorney's fees and costs. Tenn. Code Ann. § 47-18-109(e)(1). The Sixth Circuit has affirmed the principle that statutorily authorized attorneys' fees are to be included for the purpose of meeting the amount in controversy requirement. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007).

16. Finally, the Plaintiffs have expanded their claim for damages beyond amounts claimed under the Policy to include open-ended amounts for "money damages for other numerous and assorted incidental and consequential damages." Complaint ¶ 27. In addition, the Plaintiffs request "such other further and general relief as this Court deems just and equitable." *Id*.

17. In sum, including the difference between the Amounts Submitted and the Benefits Paid and the potential for bad faith damages pursuant to Tenn. Code Ann. § 56-7-105, treble damages and attorney's fees under the Tennessee Consumer Protection Act, and the open-ended relief requested by the Plaintiffs, there is no question that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

18. Therefore, in light of Tenn R. Civ. P. 54.03, which provides that a plaintiff is entitled to the relief rendered by final judgment, even if the party has not demanded such relief in its pleadings, this Court should find that the amount in controversy in this action is "more likely than not" more than $75,000.

19. A copy of all process and pleadings served upon Life Investors is attached hereto as Exhibit B. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiffs through their counsel of record and a copy of this Notice of Removal has been mailed to the Chancery Court of Chester County, Tennessee, for filing in that court.

Respectfully submitted,

NEAL & HARWELL, PLC

By: \_\_\_\_/s A. Scott Ross_____
Thomas H. Dundon, #4539
A. Scott Ross, #15634
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2498
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile
tdundon@nealharwell.com
sross@nealharwell.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record by United States mail, postage prepaid, this 25th day of May 2007.

> J. Brandon McWherter, Esq.
> Clinton H. Scott, Esq.
> Spragins, Barnett & Cobb, PLC
> 312 E. Lafayette Street, P.O. Box. 2004
> Jackson, TN 38302
> *Counsel for Plaintiffs*

> /s A. Scott Ross
> A. Scott Ross